IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KOMATSU FINANCIAL
LIMITED PARTNERSHIP,

      Plaintiff,

v.                                                                                  Civil Action No.: 5:18-cv-01336
                                                                                Judge _____

KIRBY LAND COMPANY, INC.,

      Defendant.

## VERIFIED COMPLAINT

Plaintiff, Komatsu Financial Limited Partnership ("**Komatsu**"), by and through counsel, James W. Lane, Jr., William J. Hanna and Flaherty Sensabaugh Bonasso PLLC, for its Complaint (the "**Complaint**") against Defendant states as follows:

### Parties, Jurisdiction and Venues

1. Komatsu is, and was at all times relevant to this Complaint, a limited partnership incorporated in the state of Delaware, with its principal place of business located at 1701 Gold Road, Rolling Meadows, IL 60008.

2. Kirby Land Company, Inc. ("**Kirby**") is, and was at all times relevant to this Complaint, a West Virginia corporation with its principal place of business located at 216 Lake Drive, Daniels, WV 25832.

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because plaintiff is incorporated in the state of Delaware with its principal place of business located in the state of Illinois and the defendant is a West Virginia corporation, with its principal place of business located in Daniels, West Virginia and the amount in controversy exceeds $75,000.00.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because the defendant is a resident of West Virginia and the real property at issue is located in Wyoming County, West Virginia.

## Background

5. On April 8, 2016, Komatsu made a loan to Kirby in the original principal amount of $8,150,000.00, and subsequently increased the loan amount to $10,000,00.00 (the "**Loan**").

6. To evidence its obligations under the Loan, Kirby executed and delivered a Term Note, dated April 8, 2016, made payable by Kirby to Komatsu, as modified by the Term Note Modification Agreement, dated May 27, 2016 (collectively, the "**Note**"). A copy of the Note and the Term Note Modification Agreement are attached to and made a part of this Complaint as Exhibit A.

7. To secure repayment of the Loan, Kirby executed and delivered for the benefit of Komatsu a Credit Line Deed of Trust, Assignment, Security Agreement, Financing Statement, and Fixture Filing, dated April 8, 2016, of record in the office of the Clerk of the County Commission of Wyoming County, West Virginia, in Trust Deed Book 278, at page 857, as modified by the First Amendment to Deed of Trust, Assignment, Security Agreement, Financing Statement, and Fixture Filing, dated September 8, 2017, of record in the aforesaid Clerk's office in Trust Deed Book 285, at page 508 (collectively, the "**Deed of Trust**"), covering certain real property described in the Deed of Trust that is owned by Kirby (the "**Property**"). A copy of the Deed of Trust is attached to and made a part of this Complaint as Exhibit B.

8. Kirby defaulted in its payment obligations under the Note and certain of its obligations under the Deed of Trust, including but not limited to, its obligation to maintain appropriate insurance coverage on the subject real property.

9. Among other covenants in the Deed of Trust, Kirby agreed to "permit [Komatsu], or its agents, to enter and inspect the Property at all reasonable times . . . ." Ex. B at 5, section 2(f). In addition, paragraph 2(k) provides Komatsu the right to enter upon and inspect the property and review the property for environmental compliance. Paragraph 3(c) provides Komatsu the right to make all repairs necessary to place the property in good condition and repair, and paragraph 3(d) provides Komatsu the right to stop or mitigate waste on the real property; and paragraph 3(e) provides the Komatsu the right to prevent the removal, destruction, demolition or structural alteration of any improvement.

10. Kirby and Komatsu entered a Forbearance and Modification Agreement, dated September 8, 2017 (the "**Forbearance Agreement**"), pursuant to which Komatsu agreed to forbear from exercising certain of its remedies under the Note and the Deed of Trust in exchange for Kirby performing certain additional and/or modified obligations. A copy of the Forbearance Agreement is attached to and made a part of this Complaint as <u>Exhibit C</u>. Under the Forbearance Agreement, Kirby reaffirmed each agreement and representation in the Deed of Trust, effective as first written, including the right of Komatsu to inspect the Property at all reasonable times. Ex. C at 1.f..

11. Under the Forbearance Agreement Kirby specifically agreed that

*Borrower shall not in any manner whatsoever (past, present or future) take any action to contest, enjoin, restrain, hinder, interfere or delay any action taken by Lender as to the exercise by Lender of all available rights and remedies to Lender as to the Property (as defined in Deed of Trust as modified by Deed of Trust Modification).*

Ex. C at 5, section 10.

12. Thereafter, Kirby remained in default in its payment obligations under the Note and certain of its other obligations under the Deed of Trust, as well as its obligations under the Forbearance Agreement.

13. Komatsu requested that Kirby provide Komatsu access to the Property to conduct inspections and assessments as required under the above referenced agreements.

14. Despite several attempts by Komatsu and its representatives to contact Kirby and its representatives regarding Komatsu's requests, and in contravention of Kirby's obligations under the Deed of Trust and the Forbearance Agreement, neither Kirby nor any of its representatives either responded to Komatsu or provided the requested access to the Property.

## Count I – Breach of Contract

15. Komatsu incorporates and re-alleges the matters set forth in paragraphs 1 through 14 above.

16. Kirby has defaulted in its payment obligations under the Note, as modified by the Forbearance Agreement.

17. Pursuant to the terms of the Note, as modified by the Forbearance Agreement, Kirby owes Komatsu, as of October 2, 2018, the outstanding and unpaid principal balance due on the Note $8,381,575,61, accrued and unpaid interest is $665,974.59 as of October 2, 2018, late fees are $502,559.69 and legal fees of $20,982.20, for a total payoff balance due of $9,571,092.09 and interest continues to accrue on the loan at a rate of $809.59 per day, and legal fees will continue to increase over time, and Komatsu may be required to expend additional costs to protect and preserve its collateral, such as taxes and insurance. A copy of the Verification and Affidavit is attached to and made a part of this Complaint as Exhibit D.

## Count II – Specific Performance

18. Komatsu incorporates and re-alleges the matters set forth in paragraphs 1 through 17 above.

19. Kirby has an affirmative obligation under the Deed of Trust to provide Komatsu access to the Property.

20. In breach of its obligations under the Deed of Trust, Kirby has willfully refused or failed to provide Komatsu access to the Property to conduct inspections and assessments.

21. Kirby's failure or refusal to provide such access constitutes a separate default under the Deed of Trust.

22. Komatsu requires access to the Property to inspect and assess its condition.

23. Accordingly, no remedy other than specific performance is adequate, and Komatsu is entitled to an order of specific performance requiring Kirby to provide the access requested by Komatsu.

WHEREFORE, Komatsu respectfully requests that this Court enter an order: (a) awarding judgment in favor of Komatsu against Kirby in the sum of $9,571,092.09, including interest, late fees, and legal fees as of October 2, 2018, plus interest that continues to accrue at the rate of five percent (5%) per year, compounded annually, to the date of judgment, plus additional costs and expenses, including, without limitation, additional attorneys' fees and expenses, plus post-judgment interest at the statutory rate until paid; (b) ordering Kirby to provide to Komatsu such access to the Property as Komatsu requests in its discretion; and (c) granting Komatsu such other relief as is just and proper.

KOMATSU FINANCIAL LIMITED PARTNERSHIP

By Counsel

*/s/ William J. Hanna*
James W. Lane, Jr. (WVSB #6483)
William J. Hanna (WVSB #5518)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
jlane@flahertylegal.com
whanna@flahertylegal.com