UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KOMATSU FINANCIAL
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                          CIVIL ACTION NO. 5:18-cv-01336

KIRBY LAND COMPANY, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion for Order for Payment by Southern Coal Corporation to Komatsu Financial Limited Partnership ("Komatsu") of $9,017,009.15 Pursuant to Suggestion, filed December 13, 2021. [Doc. 110]. Defendant Kirby Land Company, Inc. ("Kirby"), responded on December 27, 2021. [Doc. 114]. On January 13, 2022, the Court ordered Suggestee Southern Coal Corporation ("Southern Coal") to respond. [Doc. 117]. Southern Coal responded on January 21, 2022. [Doc. 121]. Komatsu replied on January 27, 2022. [Doc. 124]. The Court held a hearing on the Motion on April 1, 2022. [Doc. 128]. The matter is ready for adjudication.

**I.**

Plaintiff Komatsu instituted this action to recover a debt from Defendant Kirby. [Doc. 1]. On November 26, 2019, the Court entered a Judgment in favor of Komatsu in the principal amount of $9,301,029.80, late fees of $137,605.63, continuing late fees of $5,982.85 each month commencing on September 18, 2019, and each month thereafter until payment in full.

[Doc. 40]. The case was closed except for permission to pursue post-judgment remedies. [Doc. 109].

Kirby voluntarily paid Komatsu the sum of $166,000.00 on or about February 16, 2021, and a second payment of $166,000.00 on or about March 15, 2021. Additionally, in April 2021, Komatsu received the sum of $1,899.52 pursuant to a suggestion served on Premier Bank.

On March 4, 2020, at Komatsu's request, the Clerk issued a writ of execution against Kirby, and it was transmitted to the Marshal for service. [Doc. 53]. A second writ of execution was issued September 17, 2020, and it too was transmitted to the Marshal for service. [Doc. 99]. On September 1, 2020, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, convened a debtor's examination of Kirby representatives, during which the Kirby representatives testified that Southern Coal owed Kirby $8,377,865.73. [Doc. 110-2]. In response to a September 14, 2020, subpoena, Southern Coal later produced an accounts receivable sheet showing its claims against certain related parties and debts owing to other related parties. [Doc. 110-4].

A Writ of Suggestion and summons for Southern Coal was issued September 17, 2020. [Doc. 100]. On December 27, 2021, Kirby filed a Response in Opposition to Plaintiff's Motion for Order for Payment by Southern Coal Corporation to Komatsu Financial Limited Partnership of $9,017,009.15 Pursuant to Suggestion. [Doc. 114]. On January 13, 2022, the Court entered an Order directing Southern Coal to respond to Komatsu's Motion. [Doc. 117]. On January 21, 2022, Southern Coal responded to Komatsu's Motion. [Doc. 121]. Komatsu replied on January 27, 2022. [Doc. 124].

## II.

This matter is governed by section 38-5-10 of the West Virginia Code, which

provides pertinently as follows:

> Upon a suggestion by the judgment creditor that a person is indebted or liable to the judgment debtor or has in the person's possession or control personal property belonging to the judgment debtor, which debt or liability could be enforced when due, . . . a summons against such person may be issued out of the office of the clerk of the circuit court of the magistrate court of the county in which the judgment creditor obtained the writ of fieri facias, requiring such person to answer the suggestion in writing an under oath . . . .

W. Va. Code § 38-5-10(a). Section 38-5-15 further provides:

> If it appears from the answer of the person suggested that . . . the person was indebted or liable to the judgment debtor, . . . the court may order the person to pay the amount so due from the person and to deliver the property, or any part of the money or property, to such person as the court may designate as receiver . . . .

W. Va. Code § 38-5-15.

"In general, a debt of claim which is uncertain or contingent, in the sense that it may never become due and payable, is not garnishable." *Com. Bank of Bluefield v. St. Paul Fire & Marine Ins. Co.*, 336 S.E.2d 552, 557, 175 W. Va. 588, 594 (1985). "A contingent interest is one in which liability is not certain and absolute, but depends upon some independent event." *Id.*, 175 W. Va. at 594. The Supreme Court of Appeals of West Virginia has held that debts in which liability is fixed but payment is not due are not "contingent" debts because a "'contingency' which will render a debt . . . not subject to garnishment is one that affects the debt itself, as distinguished from one that affects only its amount or the time or manner of its payment." *Id.*, 175 W. Va. at 594. Thus, the proceeds payable on a fixed debt that is not yet due are garnishable. *See id.*, 175 W. Va. at 594 (holding that the West Virginia Code "clearly provides for the garnishment of unmatured debts"); *see also iPacesetters, LLC v. Douglas*, 806 S.E.2d 476, 484, 239 W. Va. 820, 828 (2017).

### III.

It is undisputed that Southern Coal owes a debt to Kirby. The parties differ regarding whether Southern Coal's debt to Kirby is contingent or fixed. The parties also differ regarding whether Southern Coal has the ability to pay Kirby. Inasmuch as there is no record on these issues, the Court **ORDERS** the parties to engage in discovery pursuant to *Federal Rule of Civil Procedure* 26 on these limited issues.

The discovery period will close on September 15, 2022. The parties are **ORDERED** to file a joint status report no later than October 1, 2022.

### IV.

Based upon the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Motion for Order for Payment by Southern Coal Corporation to Komatsu Financial Limited Partnership of $9,017,009.15 Pursuant to Suggestion [**Doc. 110**].

The Clerk is directed to transmit a copy of this written opinion and order to counsel or record and any unrepresented party.

ENTER: July 11, 2022



Frank W. Volk
United States District Judge