# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

KOMATSU FINANCIAL
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:18-cv-01336

KIRBY LAND COMPANY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Komatsu Financial Limited Partnership's ("Komatsu") motion for further proceedings pursuant to *West Virginia Code* § 38-5-18, filed February 3, 2023. [Doc. 167]. The matter is ready for adjudication.

On September 16, 2019, the Court entered judgment in favor of Komatsu and against Defendant Kirby Land Company, Inc. ("Kirby"), in the amount of $9,438,635.43, with post-judgment interest. [Docs. 40, 49]. To facilitate enforcement of that judgment, the Court subsequently issued writs of execution on March 4 and September 17, 2020. [Doc. 53]. On April 11, 2022, Komatsu applied for a writ of suggestion against James C. Justice Companies, Inc. ("JCJC"), asserting JCJC was liable for the judgment as a result of the writs of execution and its debts to Kirby. [Doc. 129]. Shortly thereafter, the Court issued the writ of suggestion [Doc. 130], to which JCJC responded, denying liability or indebtedness to Kirby [Doc. 136].

Komatsu consequently filed the instant motion for further proceedings against JCJC pursuant to *West Virginia Code* § 38-5-18. [Doc. 167]. In that motion, Komatsu suggests that JCJC

has not fully disclosed its debts and liabilities to Kirby. *Id.* at 2. As a result, it requests a jury trial on that issue. *Id.* In response, JCJC contends that Komatsu's motion should be denied pursuant to *Federal Rule of Civil Procedure* 12(b)(6) because it fails to state any basis for the relief requested. [Doc. 192 at 2-3]. Alternatively, JCJC requests a more definite statement of the basis for the motion under *Federal Rule of Civil Procedure* 12(e). *Id.* at 3. Komatsu subsequently moved to file a late reply in support of its motion. [Doc. 196].

> *West Virginia Code* § 38-5-18 provides, in pertinent part, that
>
> [w]hen it is suggested by the judgment creditor in any case of suggestion that the person suggested has not fully disclosed the debts or liabilities due by the person to . . . the judgment debtor at the time of service of the summons, . . . the court shall cause a jury to be impaneled, without any formal pleadings, to inquire as to the debts or liabilities . . . , unless a trial by jury is waived by the parties.

When interpreting this statute, the Supreme Court of Appeals of West Virginia has remarked that "judicially-created rules relating to the function of the judicial branch of government . . . will always trump any legislatively-created statutes." *iPacesetters, LLC v. Douglas*, 806 S.E.2d 476, 487, 239 W. Va. 820, 831 (2017) (ellipsis added) (quoting *State ex rel. Marshall Cty. Comm'n v. Carter*, 689 S.E.2d 796, 806, 225 W. Va. 68, 78 (2010) (Workman, J., concurring)). As a result, in *Douglas*, the Supreme Court of Appeals held that trial courts may resolve disputes under § 38-5-18 by granting summary judgment rather than invariably proceeding to trial. *Id.*

Following *Douglas* and as urged by JCJC, the Court holds that in addition to any federal or state rule for summary judgment, the jurisdictionally appropriate pleading rules also apply to proceedings under *West Virginia Code* § 38-5-18. While it is true that such proceedings are to occur "without any formal pleadings," this language does not endorse the proposition that any level of notice, no matter how bare, is sufficient to proceed to trial. Rather, given that *Douglas* held that not all disputes are entitled to a trial, the Court interprets "without any formal pleadings"

to simply relieve a judgment creditor of the need to initiate a new action against a suggestee. Indeed, were the Court to adopt the former interpretation and permit trial with minimal notice of the disputed issues, due process concerns would almost certainly arise. *See Tri Cnty. Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 436 (4th Cir. 2002) ("Due process of law generally requires that a deprivation of property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950))).

Accordingly, incorporating the federal pleading rules into the *West Virginia Code* § 38-5-18 context, a motion for further proceedings "must contain . . . a short and plain statement . . . showing that the [judgment creditor] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is calculated to "give the [suggestee] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Federal Rule of Civil Procedure* 12(b)(6) correspondingly permits a suggestee to challenge a motion when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a challenge, the motion for further proceedings must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012). Alternatively, when a motion "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response," the opposing party "may move for a more definite statement." Fed. R. Civ. P. 12(e).

In its motion for further proceedings, Komatsu states, without any supporting facts, that "[JCJC] has not fully disclosed its debts and liabilities owed to [Kirby]." [Doc. 167 at 2]. This is nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In order to "give [JCJC] fair notice of what the . . . claim is and the grounds upon

which it rests," *id.*, Komatsu must allege "enough facts to state a claim to relief that is plausible on its face," *id.* at 570. While Komatsu's failure to do so here is understandable given the uncertainty in the governing law, the Court cannot simply disregard the fundamental due process principle of notice. Moreover, although Komatsu has attempted to cure its pleading deficiency in a proposed late reply [Doc. 196], such allegations are more properly made in a motion for further proceedings rather than in a reply brief.

Consequently, in order to provide Komatsu with an opportunity to meet the applicable pleading standard, the Court **DENIES** its motion for further proceedings **WITHOUT PREJUDICE**. [Doc. 167]. In light of the rulings in this opinion, Komatsu may re-file a motion pursuant to *West Virginia Code* § 38-5-18 no later than **June 13, 2023**. Moreover, having denied the motion for further proceedings, the Court further **DENIES** Komatsu's motion to file a late reply **AS MOOT**. [Doc. 196].

The Court **DIRECTS** the Clerk to transmit a copy of this written order and opinion to counsel of record and any unrepresented party.

ENTER: May 30, 2023

Frank W. Volk
United States District Judge