IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**KOMATSU FINANCIAL
LIMITED PARTNERSHIP,**

        **Plaintiff,**

vs.                                                                           Civil Action No. 5:18-cv-01336

**KIRBY LAND COMPANY, INC.,**

        **Defendant.**

## ORDER

On September 14, 2023, came counsel for the Plaintiff, Komatsu Financial Limited Partnership (Komatsu) and counsel for interested parties, Greenbrier Medical Institute (GMI) and Greenbrier Hotel Corporation (GHC) for a hearing concerning the ***Plaintiff's Motion to Compel Greenbrier Medical Institute and Greenbrier Hotel Corporation to Comply with Subpoena*** (ECF No. 184) and the ***Greenbrier Medical Institute, LLC's and Greenbrier Hotel Corporation's Joint Response to Komatsu's Motion to Compel*** (ECF No. 189).[1] After hearing the arguments of counsel and having reviewed the pertinent pleadings and accompanying exhibits, the Court **GRANTS** Komatsu's ***Motion*** for the reasons stated *infra*:

### Background

According to business records, Southern Coal Corporation (Southern) owes a debt ($16,000,000) to Kirby Land Company, Inc. (Kirby) the Defendant in this matter, for work

---

[1] Also discussed at the hearing was Komatsu's pending Motion to File Deposition Transcript and Exhibits Under Seal (ECF No. 205). Noting the public's First Amendment right to access to the courts, the undersigned directed Komatsu to amend its motion and provide the Court redacted copies of its exhibits within ten days for consideration. The Court intends to address this Motion by separate order.

1

performed on the "Greenbrier Project"; Komatsu filed a suggestion against Southern to collect on the judgment Komatsu obtained against Kirby. Komatsu filed its motion to compel compliance with its subpoena requests to GMI and GHC, two of the fifteen companies related to Southern that resisted the subpoenas. Since the filing of Komatsu's motion, GMI agreed to comply with the subpoena and produced responsive documents.[2] GMI also agreed to make a witness available for deposition to provide more detailed information about the Greenbrier Project, which has since been completed. GHC has not complied with Komatsu's subpoena and maintains that the Greenbrier Project consisted of work done by a Justice owned company called Kentucky Fuel Corporation (Kentucky) for GMI, and not for GHC.

Komatsu endeavors to obtain documents to ascertain whether GHC owes money to Southern for the Greenbrier Project.

**Discussion**

During the hearing on this issue, it was represented that Southern supplied monies to Kentucky to perform the work for the Greenbrier Project, which cost $16,000,000 for improvements to real property then owned by GHC. The Greenbrier Project started in 2011, when GHC was the owner of record, per courthouse deeds, for the first three years of the project. GHC then transferred ownership of this real property to GMI. GHC still derives benefits from the project to this day, a major one being a professional football training facility. According to the recent deponent testimony, the intent from the beginning of the Greenbrier Project was to be for GMI's benefit, although the deed transfers from GHC and GMI were not complete until years after the Greenbrier Project began. GHC has not paid any monies for the Greenbrier Project, but

---

[2] Initially, a hearing on the Motion was scheduled in July, however, the parties jointly moved to continue the hearing to allow Komatsu sufficient time to determine whether additional documentation or evidence is needed, accordingly, the undersigned granted the joint motion (ECF No. 202). Because the matters raised in Komatsu's Motion remain unresolved, a hearing became necessary.

pays rent in order to use the facility(-ies) to GMI at a rate of $200,000 per month.

While counsel for GHC contends that Komatsu has not demonstrated sufficient reasons or evidence to pierce the corporate veil against GHC on this issue in accordance with <u>Dailey v. Ayers Land Development, LLC</u>, 825 S.E.2d 351 (W. Va. 2019)[3], the undersigned finds this case is not dispositive in the matters before him, and also finds GHC's reliance on that case is misplaced. For starters, it is clear that Komatsu is not pursuing its judgment against an individual owner or shareholder, but a *corporation*, and the *corporations* subject to Komatsu's subpoenas all appear to be operated under the same group of people or entities. In other words, not only has a unity of interest and ownership been demonstrated, but there is also a lack of formality of corporate structure here that would result in unfairness to Komatsu if it were not permitted to obtain responsive documents to its subpoena. Even ignoring the formalities of separating or identifying the separate corporate entities (which the undersigned is not convinced GHC is separate and apart from GMI and the other Justice-owned corporations that complied with Komatsu's subpoenas), the fact remains that GHC owned the real property during most of the Greenbrier Project's construction, giving the appearance of commingling assets with GMI. At bottom, there is a strong presumption that GHC owes money to Kentucky as gleaned from the documents obtained by Komatsu. Komatsu is therefore entitled to explore this potential source of monies in order to collect on its judgment awarded in this case.

Accordingly, ***Plaintiff's Motion to Compel Greenbrier Medical Institute and Greenbrier***

---

[3] Discussions during the hearing centered on Syllabus 6 of the Court's holding: " '[T]o "pierce the corporate veil" in order to hold the shareholder(s) actively participating in the operation of the business personally liable ..., there is normally a two-prong test: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and of the individual shareholder(s) no longer exist (a disregard of formalities requirement) and (2) an inequitable result would occur if the acts are treated as those of the corporation alone (a fairness requirement).' Syllabus point 3, in part, *Laya v. Erin Homes, Inc.*, 177 W.Va. 343, 352 S.E.2d 93 (1986)." Syl. Pt. 6, *Kubican v. The Tavern, LLC*, 232 W.Va. 268, 752 S.E.2d 299 (2013).

*Hotel Corporation to Comply with Subpoena* (ECF No. 184) is hereby **GRANTED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to distribute a copy of this Order to all counsel of record.

**ENTER: September 27, 2023.**

_____
Omar J. Aboulhosn
United States Magistrate Judge