IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KOMATSU FINANCIAL
LIMITED PARTNERSHIP,

          **Plaintiff,**

vs.                                            Civil Action No. 5:18-cv-01336

KIRBY LAND COMPANY, INC.,

          **Defendant.**

## ORDER

Pending before the Court is *Komatsu Financial Limited Partnership's Motion to File Deposition Transcript and Exhibits Under Seal* (ECF No. 205), filed under seal on September 7, 2023. During the hearing in this matter on September 14, 2023, the undersigned noted that the motion itself does not contain any confidential financial and corporate information necessitating sealing, and further, the sealed exhibits attached thereto should be resubmitted with proposed redactions, rather than comprehensive seal. The Plaintiff has since filed its *Amended Motion* along with its proposed redactions for the exhibits (ECF Nos. 208, 208-1, 208-2). The exhibits concern the deposition transcript of Terry Miller, Vice President of Operations at Greenbrier Hotel Corporation (GHC) and the deposition exhibits.

Both counsel for the Plaintiff and counsel for interested parties GHC and Greenbrier Medical Institute (GMI) have agreed that some testimony provided by Mr. Miller as well as a few of the deposition exhibits contain confidential financial and corporation information that is subject to the Protective Order (ECF No. 165) previously entered in this matter and should remain confidential pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. The Plaintiff maintains

that the proposed redactions will not infringe upon the First Amendment right of access to open courts.

## Pertinent Law

The Court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The Supreme Court has held that under common law, there is a presumption of access accorded to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). However, this presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access and the court may weigh "the interests advanced by the parties in light of the public interests and the duty of the courts." Id. at 602, 1314. Also, the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (citing Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates, 800 F.2d 339, 344 (3rd Cir. 1986)). The Fourth Circuit observed:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984)).

Assuming the First Amendment right applies to the particular documents described by the parties herein, the Plaintiff's burden is more substantial. To obtain a sealing order under the First

2

Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573.

In order to determine whether to seal documents, the Fourth Circuit has held that the Court must follow the procedural requirements as laid out in In re Knight Publishing Co., 743 F.2d 231 (4th Cir. 1984). See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). First, the district court must give the public adequate notice that the sealing of documents may be ordered. In re Knight Publishing Co., 743 F.2d at 234. Second, the district court must provide interested persons "an opportunity to object to the request before the court ma[kes] its decision." Id. at 235. Third, if the district court decides to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings." Id. at 234. Finally, the district court must state its reasons for rejecting alternatives to closure. Id. at 235.

## Discussion

As an initial matter, with respect to the greater protection afforded by the First Amendment, there has been no demonstration that there is a compelling government interest that prevents access by the public to suggested redacted materials. Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984).

In any event, the undersigned notes that the subject Protective Order was entered fairly recently in order to facilitate the Plaintiff's discovery efforts to determine sources of monies to satisfy its judgment award. Notably, GHC and GMI are not parties to the agreed Protective Order: prior to its entry, each of the interested non-parties in this case, GHC and GMI included, objected to the Plaintiff's subpoenas for several reasons, but of interest here, because the subpoenas sought financial information, property records and other corporate documents these companies considered

sensitive (See ECF No. 163). Since entry of the Protective Order, the Plaintiff has been generally successful in securing responsive documents from these entities. Clearly, by maintaining certain financial information confidential, these proceedings have been facilitated to some degree.

As discussed in the Order entered this day concerning outstanding discovery sought by the Plaintiff from GHC, questions remain as to what debts are owed to Southern Coal Corporation, a Suggestee in this matter. It is noted that this action has long been concluded between the Plaintiff and the Defendant, and none of these interested parties participated in these proceedings until just this year – and only to the extent as being potential debtors or creditors to the Suggestees. Overall, the undersigned finds the proposed redactions are a less drastic alternative to the wholesale sealing of these exhibits, as they protect the interested parties' sensitive financial information. However, though the redactions are few, they tend towards being overexuberant when examined under governing jurisprudence.

For instance, while the Plaintiff (and GHC/GMI) ask the Court to seal certain portions of Mr. Miller's deposition testimony, the undersigned notes that the index of the transcript remains unsealed, and a simple search of the words contained in the index reveals exactly what is intended to be sealed. In short, while this information has briefly been open to the public, the public nevertheless had access to the proposed redacted information, and thus, does not rebut the presumption of public access. Additionally, from the undersigned's review, these proposed redactions seem insignificant when reading the transcript as a whole, and do not necessarily promote the intent of the Protective Order, let alone comply with LR Civ P 5.2.1. Accordingly, the Plaintiff's *Motion* as it concerns this exhibit (ECF No. 208-1) is **DENIED**.

Regarding the second exhibit, the undersigned can appreciate the monetary values of the assets, liabilities and equity should remain from public view as being proprietary business records

– excepting of course those values that were discussed during the recent hearing on the record before the undersigned, and during Mr. Miller's deposition. However, the *names* of the various companies and entities that correspond to those monetary values do not rise to the level of being sensitive business information. Indeed, most of the companies listed in this exhibit that ostensibly owe debts to the Suggestee, Southern Coal Corporation, are the same interested parties named in this action. Again, this information has been open to the public for months, and fails to rebut the presumption for public access. Moreover, the fact that these particular proceedings are focused on from what entity or entities the Plaintiff can find money to satisfy its judgment against the Defendant, it defies logic that those entities should remain sealed from public view. Accordingly, the Plaintiff's *Motion* as it concerns this exhibit (ECF No. 208-2) is **DENIED** in **PART** and **GRANTED** in **PART**.

Accordingly, the Plaintiff's *Amended Motion* (ECF No. 208) is **DENIED** in **PART** and **GRANTED** in **PART** for the foregoing reasons. The Clerk is directed to **UNSEAL** the Plaintiff's initial *Motion* (ECF No. 205) **ONLY** and to **TERMINATE** same.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive motion by filing its objection to same within 14 days with District Judge Frank W. Volk. Accordingly, the redactions proposed by the Plaintiff in ECF Nos. 208-1 and 208-2 shall **REMAIN** pending the filing of any objections. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of this Order found clearly to be erroneous or contrary to law.

The Clerk is further directed to distribute a copy of this Order to all counsel of record.

**ENTER: September 27, 2023.**



Omar J. Aboulhosn
United States Magistrate Judge