UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KOMATSU FINANCIAL
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                CIVIL ACTION NO. 5:18-cv-01336

KIRBY LAND COMPANY, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are (1) Plaintiff Komatsu Financial Limited Partnership's ("Komatsu") Motion to Seal Portions of Komatsu's Opening Brief and to File Under Seal Certain Exhibits and Motion to Exceed 20 Page Limit for Opening Brief [ECF 182], filed April 28, 2023; (2) Suggestee Southern Coal Corporation's ("Southern Coal") Motion to Seal Portions of Southern Coal's Response Brief and Supporting Exhibit [ECF 187], filed May 5, 2023; and (3) Komatsu's Motion to Seal Portions of Komatsu's Reply Brief and Motion to Exceed 10 Page Limit for Reply Brief [ECF 191], filed May 12, 2023.

### I.

Respecting the first Motion [ECF 182], Komatsu requests to seal portions of its opening brief "contain[ing] business and financial information of Southern Coal and numerous affiliated entities, all of whom have provided this information to Komatsu on condition that [it] preserve the confidential nature of information pursuant to an agreed upon Protective Order entered in this case." [ECF 182 at 1]. Komatsu further requests to seal Exhibits 7 through 12 to its

brief. It asserts Exhibits 8 through 12 are financial records of Southern Coal and third parties; further, it contends Exhibit 7 – excerpts of the deposition transcript of Stephan Ball, an officer of Defendant Kirby Land Company, Inc., and Southern Coal – "contains repeated references to those companies' internal business practices and financial information." [*Id.* at 2]. Komatsu asserts protecting the information outweighs the public interest inasmuch as "the confidential nature of the information is significant . . . ." [*Id.* at 2-3]. Komatsu also moves to exceed by five pages the twenty-page limit for its opening brief.

Respecting the second Motion [ECF 187], Southern Coal seeks sealing of its response and portions of its Exhibit 1, the Declaration of Stephan Ball; it asserts both "contain confidential business and financial information [that could work competitive harm to] Southern and its affiliates." [ECF 187 at 1].

Respecting the third Motion [ECF 191], Komatsu reiterates the grounds earlier stated. It further seeks to exceed by three pages the ten-page limit for its reply.

## II.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

With regard to the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dept. of State Police*, 386 F.3d at 575 (quoting *Stone v. University of Maryland Medical System Corporation*, 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Virginia Dept. of State Police*, 386 F.3d at 576 (quoting *Stone*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

### III.

The proposed redactions of Komatsu and Southern Coal with respect to their briefs and Southern Coal's Exhibit 1 are narrowly tailored to protect a sufficiently compelling privacy interest. The common law and First Amendment rights of access are overcome by Southern Coal's asserted privacy interests. *See United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013); *Jones v.*

*Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019), *aff'd*, 845 F. App'x 205 (4th Cir. 2021); *Boone v. Bd. of Governors of Univ. of N.C.*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019); *In re Motion to Unseal Court Records*, No. 19-00282 HG-WRP, 2019 WL 5191818, at *4-6 (D. Haw. Oct. 15, 2019); *United States v. King*, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *1-3 (S.D.N.Y. June 15, 2012); *Stokes v. Graham*, No. 5:10-CV-296-F, 2010 WL 3834543, at *1 (E.D.N.C. Sept. 30, 2010).

Sealing the entirety of Exhibits 7 through 12 is also proper inasmuch as less restrictive alternatives are insufficient to protect the asserted, compelling privacy interests. *See Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a "higher value" that can overcome both the common law and the First Amendment rights of access in appropriate circumstances."). Additionally, given the complexity of this matter, the Court **GRANTS** Komatsu's Motions to exceed page limits.

## IV.

Based upon the foregoing discussion, the Court **ORDERS** as follows respecting the pending motions:

1. That Komatsu's Motion to Seal Portions of Komatsu's Opening Brief and to File Under Seal Certain Exhibits and Motion to Exceed 20 Page Limit for Opening Brief [**ECF 182**], is **GRANTED**. The Clerk is **DIRECTED** to unseal and spread on the public record the Motion [**ECF 182**], the redacted version of Komatsu's opening brief [**ECF 182-2**], and Exhibits 1 through 6 [**ECF Nos. 182-3 through 182-8**] attached thereto for which no sealing request was made. The unredacted version of

the opening brief [**ECF 182-1**] and Exhibits 7 through 12 [**ECF Nos. 182-9 through 182-14**] shall remain sealed;

2. That Southern Coal's Motion to Seal Portions of Southern Coal's Response Brief and Supporting Exhibit [**ECF 187**] is **GRANTED**. The Clerk is **DIRECTED** to unseal and spread on the public record the Motion [**ECF 187**], Memorandum in Support [**ECF 187-1**] thereof, the redacted version of Southern Coal's response brief [**ECF 187-3**], and the redacted version of Exhibit 1 attached thereto [**ECF 187-5**]. The unredacted versions of the response brief [**ECF 187-2**] and Exhibit 1 [**ECF 187-4**] shall remain sealed; and

3. That Komatsu's Motion to Seal Portions of Komatsu's Reply Brief and Motion to Exceed 10 Page Limit for Reply Brief [**ECF 191**] is **GRANTED.** The Clerk is **DIRECTED** to unseal and spread on the public record the Motion [**ECF 191**] and the redacted version of Komatsu's reply brief [**ECF 191-1**]. The unredacted version of the reply brief [**ECF 191-2**] shall remain sealed.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 17, 2023



Frank W. Volk
United States District Judge